UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MARVIN STURGEON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 09-06-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This case involves a slip and fall at a Wal-Mart store located in Shelbyville, Kentucky. Plaintiff Marvin Sturgeon, is now fifty-four years old. Approximately 12 to 13 years ago, the lower portion of his left leg was amputated. As a result, he used either a motorized cart or crutches while shopping. The fall which gives rise to this action occurred on December 20, 2007.

The matter is currently pending for consideration of Defendant Wal-Mart Stores East, L.P.'s ("Wal-Mart") motion for summary judgment. [Record No. 12] Having reviewed the materials and arguments made in support of the parties' respective positions, the Court agrees with Wal-Mart that, under the undisputed facts presented, the condition about which Sturgeon complains (*i.e.,* the floor transition from a tile to carpet) was open and obvious. Further, the condition was not unreasonably dangerous. Accordingly, Wal-Mart's motion for summary judgment will be granted and the Plaintiff's claims of negligence will be dismissed, with prejudice.

## I. Relevant Facts

The facts relevant to the pending motion are not disputed. As noted above, the lower portion of Plaintiff Sturgeon's left leg was amputated approximately 12 to 13 years ago. Since that time, he has used either a motorized cart or crutches while shopping. Further, Sturgeon has shopped at the Wal-Mart store where his accident occurred at least once per week for approximately 15 to 16 years. [Record No. 12; attached Sturgeon deposition, pp. 12-17].

On December 20, 2007, Sturgeon entered the Wal-Mart store in Shelbyville, Kentucky, to shop. And while he intended to use a motorized shopping cart provided by the store, none were available at the time. As a result, he pushed a regular shopping cart with his right hand while holding both crutches under his left arm, using them for support. [*Id.*, at pp. 18-21] After paying for his purchases, Sturgeon walked toward the exit of the store. The flooring of his path from the checkout area transitioned from white tile to a dark gray carpet bordered by a lip around the carpet. Sturgeon testified that: (1) he had no difficulty realizing or seeing the difference between the white tile floor and the gray carpet; (2) nothing blocked his view of the area where he fell; (3) he had noticed the area on several prior occasions while shopping in the store; and (4) he was aware of the slight change in elevation going from the tile to the carpeted area. [*Id.*, pp. 23-24, 32]

Sturgeon further testified that, as he walked toward the carpeted area, he pushed his shopping cart in front of him. He recalls pushing the cart over the beginning edge or "lip" of the carpet. As he gave the cart an extra push, Sturgeon lost his balance and fell. [*Id.* at pp. 24, 28, 32] The Plaintiff admits that he did not notice any defect in the carpet and no evidence has been

presented to indicate it was dangerous. Instead, Sturgeon attributes the fall to the change of elevation from tile to carpet. [*Id.* at 28-29]

>    **II.    Legal Analysis**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

"Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D. Ky. 1993) citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The nonmoving party cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324. In making this determination, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) quoting *Anderson*, 477 U.S. at 251-52.

In this diversity action, the Court applies Kentucky law to the substantive legal issues. Further, the parties do not dispute the standard to be applied to the Plaintiff's negligence claims. To prevail, Sturgeon must prove three elements: (1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992); *M & T Chemicals v. Westrick*, 525 S.W.2d 740, 741 (Ky. 1974). With respect to the first element, Wal-Mart owes customers such as Sturgeon a duty to maintain its premises in a condition that is reasonably safe. *Rogers v. Prof. Golfer's Ass'n of America*, 28 S.W.3d 869 (Ky. App. 2000).[1] However, it does not owe a duty regarding conditions which are "open and obvious." *Standard Oil Co. v. Manis*, 433 S.W.2d 856, 859 (Ky. 1968). Obviousness has two components: both the condition *and* the risk must be apparent to and would be recognized by a reasonable person in the position of a visitor exercising ordinary perception, intelligence and judgment. *Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526, 528 (Ky. 1969).

Under the facts presented, Sturgeon argues that, although he had been in the Defendant's store previously and was generally aware of the tile-to-carpet transition, he was looking straight ahead and did not look down at the floor at the time of the accident. He contends that, because

---

[1] The Plaintiff also points out in its memorandum opposing summary judgment that Wal-Mart owes a duty to its business invitees to inspect for hazardous conditions and to warn of hidden dangers. *See Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 433 (Ky. 2003). An exception is recognized where the danger or defective condition is so open and obvious to the invitee that the invitee can avoid the danger by exercising reasonable care. *Johnson v. Lone Star Steakhouse & Saloon of Kentucky, Inc.*, 997 S.W.2d 490, 492 (Ky. App. 1999). Here, Sturgeon's fall was not caused by a foreign substance on the floor. Thus, Plaintiff's argument regarding unknown dangers and/or defective conditions is inapplicable.

he has a right to assume that the floor was free from dangerous obstructions, he was "not required to look directly downward at he feet with each step taken." *Jones v. Winn-Dixie of Louisville*, 458 S.W.2d 767, 769 (Ky. App. 1970). He also asserts that, while the fact that there was a "lip" between the time and carpet was apparent, the risk associated with the lip was not apparent. [Record No. 15, pp. 3-4]

In addition to the foregoing argument, Sturgeon argues that even if the floor's condition was open and obvious, Wal-Mart should have anticipated that he could be harmed by the condition. *See Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364 (Ky. 2005) (a possessor of land may be liable to his invitees for physical harm caused by an open and obvious condition if the possessor of the land should have anticipated the harm despite such knowledge or obviousness). Under such circumstances, he claims that Wal-Mart should have warned him or taken other reasonable steps to protect him from the condition. [Record No. 15, pp. 5-6] This argument is based on the assumption that customers leaving the store will be using shopping carts which block their view of the tile-to-carpet transition area.

Having considered the parties' respective positions, the Court concludes that Sturgeon's arguments are misplaced. In addition to the fact that Sturgeon was aware of the transition area of the floor, the condition of the floor was open and obvious to all invitees. Further, if the area were obstructed by a shopper pushing a cart, the cart would encounter the lip before the shopper. Additionally, the difference in color serves to provide warning to shoppers of the changes to be encountered. A shopper would not be required to look directly downward to observe this distinction.

The fact here are also distinct from those presented in *Jones v. Winn-Dixie*, 458 S.W.2d 767. Unlike *Jones*, this case does not involve a change in walkway due to a concrete abutment which was difficult to observe due to lighting conditions or lack of color contrast. A reasonable person in Sturgeon's position would perceive the change in the floor's surface (and elevation) and appreciate any inherent risk associated with the change. And unlike the facts presented in *Horne v. Precision Cars of Lexington*, 170 S.W.3d 364, the floor condition which Sturgeon encountered was not only obvious, it was known to him. Here, nothing was hidden from view and there is no indication that Sturgeon was distracted in any way. Instead, he simply lost his balance and fell. Under the circumstances, the floor's condition and the risk it presented were apparent to, and would be recognized by, a reasonable person in Sturgeon's position, exercising ordinary perception, intelligence and judgment.

The Court also rejects the Plaintiff's argument that, notwithstanding the fact that the condition in issue was open and obvious, Wal-Mart owed a duty to warn him because it should have anticipated the harm despite Sturgeon's knowledge of the condition. Accepting such an argument under the facts of this case would essentially require Wal-Mart to become absolutely liable to all customers for nearly all injuries occurring on its property. Such is not required under applicable Kentucky law.

### III.     Conclusion

There are no material issues of fact which preclude summary judgment. Further, Defendant Wal-Mart Stores East, L.P., has demonstrated that it is entitled to judgment as a matter of law. Accordingly, it is hereby

**ORDERED** as follows:

1.  Defendant Wal-Mart Stores East, L.P.'s motion for summary judgment [Record No. 12] is **GRANTED**.

2.  The claims asserted in this action by Plaintiff Marvin Sturgeon against Defendant Wal-Mart Stores East, L.P., are **DISMISSED**, with prejudice.

3.  This action is hereby **DISMISSED**, and **STRICKEN** from the Court's docket.

4.  A separate Judgment will be entered in favor of Defendant Wal-Mart Stores East, L.P. this date.

This 4th day of September, 2009.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge